IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHNE C. SHELTON, #154572** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv234 |
| | § | |
| **CORPORAL BURR, ET AL.** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Johne Christopher Shelton filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. He has failed to comply with the Court's Orders, however. The Local Rules for the Eastern District of Texas state that "[a] pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d). The record shows:

On March 6, 2023, mail that was sent to Plaintiff was returned and marked, "Return to Sender-Not Here!" (Dkt. #10). Accordingly, on March 8, 2023, the Court ordered Plaintiff to provide his current physical mailing address no later than 5:00pm on March 29, 2023 (Dkt. #11). Plaintiff was warned that failure to comply may result in the dismissal of his case.

On March 17, 2023, Defendants filed a motion to dismiss (Dkt. #19). On March 20, 2023, the Court directed Plaintiff to file a response to Defendants' motion to dismiss no later than April 20, 2023, at 5:00pm (Dkt. #20).

On March 21, 2023, an acknowledgment of receipt was returned showing Plaintiff's receipt of the Court's Order to provide a current physical mailing address (Dkt. #21).

On April 3, 2023, the Court's Order directing Plaintiff to file a response to Defendants' motion to dismiss was returned and marked, "Return to Sender - Refused - Unable to Forward" and "RTS no longer here" (Dkt. #22).

Finally, on April 18, 2023, the Court issued another Order providing one last opportunity for Plaintiff to provide his current mailing address no later than May 12, 2023, at 5:00pm (Dkt. #24). Again, the Court warned Plaintiff that failure to comply would result in the dismissal of his case. On May 8, 2023, that Order was also returned to the Court, marked "Return to Sender - Refused - Unable to Forward - No Longer Here" (Dkt. #25). As of today's date, Plaintiff has failed to comply with any of the Court's Orders to provide a current physical mailing address and to file a response to Defendants' motion to dismiss; thus, he has failed to prosecute his case. Fed. R. Civ. P. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed as Plaintiff has failed to prosecute the case.

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff's intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of June, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE